IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ERCIL K. GATES
ADC #143759                                                                      PLAINTIFF

v.                         No. 2:10-cv-77-DPM-JTR

CHARLENE BOGAN, Sgt., East Arkansas
Regional Unit, ADC; LORETHA A. BELL, Sgt., East
Arkansas Regional Unit, ADC; and JAMES BELL,
Captain, East Arkansas Regional Unit, ADC              DEFENDANTS

ORDER

1. Gates has one claim remaining for adjudication. He says James Bell (his former supervisor in the kitchen at the East Arkansas Regional Unit), Charlene Bogan (the employee responsible for issuing boots), and Loretha Bell (the sergeant who investigated Gates's grievances) were deliberately indifferent to his need for better boots to keep his feet dry as he worked in standing water in the kitchen. Gates got a severe case of athlete's foot, and a resulting secondary infection in his feet. He received escalating treatment—creams, time off work, and a stay in the infirmary. He got a new job in the kitchen, then a work assignment elsewhere; eventually he was transferred to the Wrightsville Unit. Gates alleges that his foot problems could have been avoided, or at least reduced, if he'd gotten the serviceable

Case 2:10-cv-00077-DPM   Document 140   Filed 08/30/12   Page 2 of 5

boots he requested — perhaps rubber boots to keep the water away from his feet or newer leather boots without cracks that let the water in.

2. The Honorable J. Thomas Ray has well tended to Gates's case for some time, winnowing the issues to the remaining claim and defendants. Judge Ray recommended granting the defendants' motion for summary judgment on the merits. *Document No. 134*. Gates, through appointed counsel, has made targeted objections. *Document No. 137*. Defendants have responded, urging that none of the allegedly disputed facts being material, they remain entitled to judgment now. *Document No. 139*. The Court now reviews *de novo*. FED. R. CIV. P. 72(b)(3).

3. The Court adopts proposed findings 1–13, *Document No. 134, at 4–7*, except for both footnotes 6 and except as objected to by Gates in a couple of particulars. The new boots/serviceable boots offer need not be resolved; the Court construes this fact in Gates's favor. *Document No. 137*, ¶ 1. The Court does not draw the inferences on the merits, to which Gates objects, about Bogan's offer of replacement boots and Bell's efforts to resolve the problem. *Document No. 137*, ¶¶ 4 & 5. The Court does consider the offer and the efforts on the immunity issue.

**4.** On the undisputed facts, all three defendants are entitled to qualified immunity. The governing Eighth Amendment law is common ground. *E.g., Davis v. Oregon County, Mo.*, 607 F.3d 543, 548–49 (8th Cir. 2010); *see also, McCaster v. Clausen*, 684 F.3d 740 (8th Cir. 2012) (medical need). What appears to the Court, from the record as a whole, is that Gates's claim boils down to a several-week disagreement over whether he needed better boots. Even assuming Defendants should have, in one way or another, gotten Gates better boots sooner, this was at most negligence, not deliberate indifference in the constitutional sense.

The few courts that have considered athlete's foot, albeit in unpublished opinions of murky precedential value, agree that the condition is not usually a serious medical need. *Vasquez v. Baca*, 323 F. App'x 503 (9th Cir. 2009) ("allegations concerning treatment of a cold, a migraine, and athlete's foot did not implicate a serious medical need"); *Tsakonas v. Cicchi*, 308 F. App'x 628 (3d Cir. 2009) (district court did not err in concluding that conditions including athlete's foot were not serious medical needs); *Stanley v. Page*, 44 F. App'x 13 (7th Cir. 2002)("even if standing water caused or exacerbated [plaintiff's] athlete's foot, his infection did not cause him 'serious harm[.]'"). It thus

cannot be held that the defendants' actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). No medical professional ever told any of these defendants that Gates needed different boots. The law in February 2010 gave defendants no fair warning that how they were handling Gates's boot issues violated the Constitution. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

There is a deeper point. Each of these defendants, on the undisputed facts, responded to Gates's grievances and foot problems. He was offered different boots; he was transferred within the kitchen, though to a job Gates says involved just as much time in standing water; he was given medical treatment and a pass from working at all; no medically trained person ever directed or suggested better boots. Defendants responded. Taking the facts in the light most favorable to Gates, they should have acted sooner and differently to address his foot condition. But "[t]he qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (*per curiam*) (quotation and citation omitted).

This record allows neither inference. The most that can be inferred is mistake or tardiness. Neither is enough.

5. Proposed Findings and Recommended Disposition, *Document No. 134*, adopted in part and declined in part. Defendants' second motion for summary judgment, *Document No. 123*, granted based on qualified immunity. The Court certifies that an *in forma pauperis* appeal of this order would be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

30 August 2012